**Bleznak v. Mason**

*Edward Greer,* for plaintiff.
*Jeffrey B. Albert,* for defendant.

TAKIFF, *J.*, March 1, 1977 — This case presents on plaintiff's motion to strike defendant Palitz's objections to interrogatories or, alternatively, to compel answers to interrogatories. The factual situation is somewhat complex. Suffice it to say that the complaint in assumpsit and trespass alleges that defendant Mason obtained certain loans from plaintiff by fraud and misrepresentation and that the acts of the other defendants, with knowledge or suspicion of defendant Mason's fraud, aided, abetted, conspired and contributed to plaintiff's loss and they thereby were unjustly enriched.

On October 6, 1976, plaintiff filed interrogatories to defendants. Defendant, Industrial Valley Bank, answered the interrogatories, but on October 15, 1976, defendant Palitz filed timely objections to each of the six interrogatories. The objections were filed with the prothonotary and no

further action concerning the objections was thereafter taken by anyone.

Plaintiff first argues that the objections should be stricken for failure to prosecute under Pa. R.C.P. ⋆255 and Philadelphia Court Rule 140 (General Court Regulation 76-2). Pa. R.C.P. ⋆255 provides, in pertinent part, as follows:

"(a) There shall be a consolidated motion list and a consolidated miscellaneous list for all Courts of Common Pleas of the county [of Philadelphia] . . .

"(b) On the consolidated motion list shall be heard . . . objections and motions in pretrial . . . discovery . . . and all other motions, petitions, rules, objections and exceptions requiring argument before trial, except as otherwise provided in these rules."

Philadelphia Court Rule 140 provides, in pertinent part:

"(A) All motions, rules, petitions or *other filings* in a case shall be filed originally with the Clerk of the Motion Court. Excepted from this requirement are:

"(1) All pleadings in a case, . . .

"(2) All petitions which are in the nature of pleadings, . . .

"(3) All Preliminary Objections, . . .

"(4) Any filing in a case which has been assigned to a Judge specially or for trial, . . .

"(5) Any filing, where specifically excepted by a procedural Rule or special order of Court.

"(B) Filing Requirements

"Any motion, rule, petition, *or other filing* which must be filed by a party with the Clerk of the Motion Court, shall (unless specifically excepted by a Rule, by order of Court or by Subsection (G) of

this Rule), comply with all provisions of this Subsection (B) before the Clerk may accept the filing.

"(1) The filing party shall include a praecipe to place the matter on the motion list, . . .

"(2) The filing shall be accompanied by a supporting memorandum of law or brief.

"(3) A copy of a proposed Order shall be submitted with the filing.

"(4) A copy of the filing, together with the memorandum of law required by Subsection (B)(2) shall be served on all interested parties at least *fifteen (15) days prior to the date on which counsel intends to file* said motion with the Clerk, together with a Letter of Transmittal setting forth the proposed filing date . . . (Emphasis supplied.)

" . . .

(H) Sanctions

" . . .

"(1) If a moving party fails to comply with a time for filing with the Motion Clerk under this Rule, the record in the case will be forwarded to the Motion Judge, who shall dismiss the petition, motion or other filing for failure to prosecute."

Plaintiff argues that defendant Palitz merely filed his objections to plaintiff's interrogatories with the prothonotary and failed to file the objections in motion court together with a praecipe, memorandum of law and proposed order and also failed to provide 15 days advance notice of the filing to opposing counsel.

Plaintiff, however, has failed to consider the interrelationship between Rule 140 and the requirements of Pa. R.C.P. 4005(b).[1] In construing

---

1. Pa. R.C.P. 4005(b) provides:

"Within ten (10) days after service of interrogatories a party may file and serve written objections thereto. Answers to in-

the operation of these rules, we are guided by Philadelphia Court Rule 1(B) which states that, whenever possible, the Philadelphia rules shall be construed as consistent with each other and with Statewide procedural rules.

It is evident that if plaintiff's reading of Rule 140 is adopted, the rule would conflict with Pa. R.C.P. 4005(b) which requires that objections to interrogatories be filed within ten days after service. Simply stated, it would be impossible for a party to file objections within ten days and also provide 15 days advance notice[2] and otherwise comply with the local rule. We conclude that objections to interrogatories under Pa. R.C.P. 4005(b) do not fall within the scope of the motion list procedure of Philadelphia Court Rule 140 and that it is appropriate for the objecting party to await action by the interrogator by way of a motion to compel answers or otherwise bring the matter to issue when objections to interrogatories are filed in accordance with Pa. R.C.P. 4005(b).

The underlying rationale for such a procedure is evident. It permits, as defendant persuasively argues, the interrogating party to control his own discovery efforts. It permits him to recognize the validity of certain objections by withdrawing some or all of his interrogatories or to pose new, presumably unobjectionable, interrogatories.

This is, in fact, the practice under the Federal Rules. Under F.R.C.P. 33(a), "[t]he party upon whom the interrogatories have been served shall

___

terrogatories to which objections are made shall be deferred until the objections are decided."

2. Although there are exemptions from the 15-day notice requirement under Philadelphia Court Rule 140(G), no such exemption is applicable here.

serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories . . . The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory."

Thus, the burden is on the interrogating party to move for an order compelling answers, in the course of which the court will rule on the objections. This does not, of course, alter the existing obligation of the objecting party to justify his objections. See Advisory Committee Notes to F.R.C.P. 33(a).

Having concluded that defendant Palitz acted properly, we now turn to the substance of the motion. Interrogatories nos. 1 and 2 read:

"1.  State the names and addresses of all persons known to you or your representatives who have any knowledge concerning the facts involved in this litigation.

"2.  Of the persons named in #1 above, who were employed by you; state their job classifications and job duties."

These were objected to as follows:

"Louis R. Palitz objects to interrogatories nos. 1 and 2 as being too broad and, therefore, irrelevant. To require Mr. Palitz to answer these interrogatories, as they are now worded, would require him to make an unreasonable investigation and would cause him unreasonable annoyance and expense. In order for Mr. Palitz to answer these interrogatories, plaintiff must identify, with greater specificity, the facts to which plaintiff is referring."

In support of this objection, defendant Palitz relies on the cases of Luken v. Entine, 65 D. & C. 2d

100 (1974), and Brownstein v. P.T.C., 46 D. & C. 2d 463 (1969).

In Brownstein, plaintiff sought the names and last known addresses of all persons known to defendant, defendant's attorney or any of defendant's representatives " 'who have any knowledge of any of the facts of this accident, the surrounding circumstances, the plaintiff's injuries, and/or the plaintiff's damages resulting therefrom.' " This interrogatory was stricken as overbroad.

In Luken, plaintiff sought identification of " 'any person who has knowledge or information concerning this case whose name and address is not listed in the preceding interrogatories.' " This was also held to be overbroad.

In the present case, interrogatory no. 1 is limited to the identity of those persons "known to you or your representatives." Unlike Luken, therefore, which requested the identity of "any person" without any limitation, interrogatory no. 1 is not objectionable on the ground that it would require defendant Palitz to search for persons not presently known and which would, in effect, require him to do plaintiff's investigation.

However, an interrogatory which seeks information concerning the "facts involved in this litigation" is at least as broad as the interrogatories stricken in both Brownstein, supra, and Luken, supra. Unlike a case which involves a single isolated event, the complaint here alleges a series of events over a period of time, including acts of knowledge, suspicion, fraud, misrepresentation, false pretenses and conspiracy. These allegations, when taken together, do not enable defendant Palitz to identify the "facts involved" as to which discovery is sought and, accordingly, the prohibi-

tions of Pa. R.C.P. 4011(b) and (e) necessitate that plaintiff specify more precisely the "facts" to which he refers. The objection to interrogatories nos. 1 and 2 is sustained.

Interrogatories nos. 3 and 4 read as follows:

"3. State by date, item, and description all of the following which bear on the issues raised in the litigation of which you have knowledge: papers, documents, letters, receipts, telegrams, memos, records, books, correspondence, writings, transcripts, minutes, checks, agreements, and other tangible evidence, etc.

"4. State which of the foregoing are in your possession."

The objection to these interrogatories is substantially the same as for numbers 1 and 2. More specifically, it is argued that the phrase "bear on the issues" is too broad and does not limit the realm of the question. We agree. As Judge McDevitt stated in Brownstein v. P.T.C., supra:

" . . . we do not find fault with inquiries that are in the nature of a 'fishing expedition'. Legitimate discovery procedures often are, and sometimes must be, fishing expeditions. What we do condemn is the attempt to fish with a net rather than with a hook or a harpoon."

Accordingly, the objection to interrogatories nos. 3 and 4 is sustained.

Interrogatories nos. 5 and 6 read as follows:

"5. Will you permit Defendant's [sic] counsel to examine and copy those items of tangible evidence named above which are in your possession without a Court Order?

"6. State the names and addresses of the official custodians of the tangible evidence which is referred to above."

These interrogatories need not be answered inasmuch as it is not possible for defendant Palitz to identify either the "tangible evidence" or the "custodians" until interrogatory no. 3 is resubmitted with the requisite specificity.

## ORDER

And now, March 1, 1977, upon consideration of plaintiff's motion to compel answers to interrogatories and to strike defendant's objections, and defendant Palitz's response thereto, it is hereby ordered that the aforesaid motion is denied.